ALVIN HIGLIN, Petitioner, v. PAUL E. KAISER, Warden, Missouri State Penitentiary.—No. 39052.—179 S. W. (2d) 471.

Court en Banc, April 12, 1944.

*Roy McKittrick,* Attorney General, and *Robert J. Flanagan,* Assistant Attorney General, for respondent.

 TIPTON, J.—Habeas Corpus: On July 14, 1942, the petitioner pleaded guilty to the crime of burglary in the circuit court of Dunklin County, Missouri, and was sentenced to two years in the State penitentiary, "Time to begin March 10, 1942." Petitioner contends that he was entitled to release from the penitentiary on March 10, 1944, while the warden of the penitentiary contends that the part of the sentence and judgment which says "Time to begin March 10, 1942," is void and is surplusage and, therefore, the petitioner is not entitled to be released until July 14, 1944.

The only question before us is: Has the trial court the power to fix the commencement date of a sentence at a time prior to the date sentence was pronounced?

". . . it may be laid down as a general rule, though not one without some exceptions, that any attempt on the part of the court to fix the beginning or end of a period of imprisonment is nothing more than a mandate of execution, and, being merely directory, may be treated as surplusage. The fixing of such a date is ministerial and not judicial and, therefore, may be properly devolved upon an executive officer." 15 Am. Jur. 109, Sec. 448.

Section 4104, R. S. Mo. 1939, reads: "Whenever a judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter such judgment fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment."

While Section 4108, R. S. Mo. 1939, reads: "When judgment of death is rendered by any court of competent jurisdiction a warrant signed by the judge and attested by the clerk under the seal of the court must be drawn and delivered to the sheriff. It must state the conviction and judgment and appoint a day on which the judgment must be executed, which must not be less than thirty nor more than sixty days from the date of judgment, and must direct the sheriff to deliver the defendant, at a time specified in said order, not more than ten days from the date of judgment, to the warden of the state penitentiary at Jefferson City, Missouri, for execution."

Thus we see that only in capital cases did the legislature see fit to make the day on which the punishment is to be inflicted a necessary part of the judgment in criminal cases.

In the case of Ex parte Turner, 45 Mo. 331, in referring to a contention by the petitioner that his sentence should specify the date that his imprisonment should commence, we said: "But the statute does not require it, and it is not the practice for each sentence to specify the day of the commencement of the imprisonment. He is sentenced, and the time of imprisonment is designated according to the assessment by the jury, and the law decides when the term shall commence; and when he is convicted and sentenced for two offenses, the law also expressly decides when the second term shall begin, and it is wholly unnecessary for the court to decide it. The court can not do so with any certainty, for the prisoner may be discharged by pardon or otherwise from his confinement under the first conviction, and in that case the second term should at once begin."

In the case of State v. Hedrick, 296 S. W. 152, l. c. 154, we said: "It is said that the verdict of the jury is illegal, because it fixed the date of the punishment. The verdict is as follows: 'We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at ninety days in the county jail, beginning April 25, 1925.'

"This is a general verdict, notwithstanding the fixing of the date of punishment. Pursuant to the trial, the jury returned the verdict, and, after allocution, the court pronounced judgment, and sentenced defendant to serve three months in the county jail from this date, all of which occurred on April 25, 1925. Section 4111, Revised Statutes 1919, provides, in substance, that no judgment shall be reversed or set aside by an appellate court because it was erroneous as to time or place of imprisonment; but in such case it shall be the duty of the court or officer hearing the case to sentence such person to the proper place of confinement and for the correct length of time from and after the date of the original sentence. We treat the words in the verdict beginning 'April 25, 1925,' as surplusage; thus rendering the verdict in effect regular, and without error."

In the case of Perkins v. State, 63 Southern 692, l. c. 692, the Supreme Court of Alabama said: "At the end of an appropriate sentence there was added the provision that 'said sentence begins January 22, 1913, and expires December 10, 1913.' This clause was surplusage, and, the defendant by his appeal having procured a suspension of the sentence, the judgment appealed from is corrected here by striking from it the words quoted, and, as thus corrected, the judgment is affirmed."

From a review of the statutes and the authorities cited, we are of the opinion that any part of a judgment of record which shows that a sentence is to start at a date prior to the date of sentence (or the fixing of any date) is surplusage. If the legislature intended such procedure while providing incarceration in the penitentiary for a crime, they could have easily said so in Section 4104, supra, for they

so provided the date of execution in Section 4108, supra, in capital cases.

To hold otherwise, it would permit the will of the legislature to be thwarted by a trial court. For instance, a court could provide a date far enough in advance of the date of judgment to let the convicted person entirely escape punishment. Moreover, if the convicted person was at liberty on bond pending his appeal to an appellate court, he would not necessarily serve his full time, while a convicted person who did not appeal would serve his full sentence. The law and not the judgment fixes the date his punishment shall commence.

For the reasons assigned the petitioner is remanded to the custody of the respondent. All concur.