**STATE of Missouri, Respondent,**

v.

**Paul S. CAMPBELL, Appellant.**

**No. 46064.**

Supreme Court of Missouri,
Division No. 2.

Dec. 9, 1957.

Paul S. Campbell, pro se.

John M. Dalton, Atty. Gen., Aubrey R. Hammett, Jr., Asst. Atty. Gen., for respondent.

STORCKMAN, Judge.

The defendant, a prisoner in the Missouri State Penitentiary, filed in the Circuit Court of Jackson County an application entitled "Petition for a Writ of Error Coram Nobis" seeking to set aside his conviction of a criminal offense. The petition, filed on October 5, 1956, was taken up by the Court, considered and overruled on November 21, 1956, over the objections of the defendant. However, he did not file a motion for a new trial or rehearing. On December 10, 1956, he filed his notice of appeal and also his motion to sue as a poor person, which was sustained.

Absent a motion for new trial, the order of November 21, 1956, overruling defendant's petition, did not become final for purposes of appeal until thirty days thereafter, and the notice of appeal filed December 10, 1956, was timely. Sup.Ct.Rules 3.24 and 28.03, 42 V.A.M.S.; Section 510.370 RSMo 1949, V.A.M.S.; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55, 63; State v. Ninemires, Mo., 306 S.W.2d 527.

The transcript on appeal contains the present petition and proceedings thereon, but not the files and records of the prior criminal prosecutions. From the defendant's petition and admissions against interest in his brief and exhibits, filed pro se, we gather the essential facts on which the disposition of the appeal depends. The

defendant is imprisoned under two sentences, one for life and one for a term of two years. The latter sentence was imposed January 12, 1954, pursuant to a plea of guilty to a charge of assault with intent to commit robbery. Apparently this offense was committed while the defendant was on parole from the life sentence which had been imposed some years before in Cause No. C–18046 in the Circuit Court of Jackson County. Further, it appears that defendant's parole was revoked, because he was "readmitted" to the penitentiary and is being held under both sentences.

The difficulty of which the defendant presently complains stems from the fact that the judgment imposing the sentence of two years' imprisonment in Cause No. C–25641, in its concluding paragraph, stated: "It is further ordered by the Court that the sentence imposed herein run concurrently with sentence imposed in cause No. C–18046." This judgment was first attacked on November 2, 1955, when the defendant filed in the trial court a "Motion to Set Aside Plea, Judgment and Sentence."

A letter dated November 21, 1955, written by the trial judge to Mr. John P. Ryan, whom defendant refers to as his "attorney of record," reveals additional facts and the consideration given to the first motion. A copy of this letter, attached to defendant's brief, reads as follows:

"You will recollect that you represented Paul S. Campbell, who was sentenced by me on January 12, 1954, to a two-year sentence in Missouri Penitentiary on a charge of assault with intent to rob, the sentence to run concurrently with a previous sentence for life in cause No. C–18046. I later received a letter from Mr. Campbell from the Missouri State Penitentiary dated March 16, 1954, which I referred to you and to which you replied by letter to me dated May 4, 1954. No doubt the Assistant Prosecuting Attorney Mr. Ewing, you, and I all thought at the time Campbell was sentenced that the Court had jurisdiction to provide for the two-year sentence to

run concurrently with his life sentence, but after you and I looked up the law, (and after Campbell had been informed at the Penitentiary) we found that under the Statute, Section 222.020, the two-year sentence could not commence to run until the expiration of the life sentence.

"A few days ago I received from the office of the Clerk in Kansas City a motion, apparently prepared at the Penitentiary, from Mr. Campbell, 'Motion to Set Aside Plea, Judgment, and Sentence'. The motion is based on the provisions of the above-mentioned Statute. I have been quite busy with our jury dockets and only today found time to look into this matter. I did locate the 1954 correspondence and find that we went into the matter quite thoroughly at that time.

"It seems to me that the Court being without jurisdiction to make the two-year sentence run concurrently with the life sentence, the two-year sentence as pronounced and entered of record may be a nullity; however, it it [sic] is my present idea that should an order be entered declaring the two-year sentence heretofore imposed to be a nullity, that Campbell would have to stand trial on the charge of assault with intent to rob; in other words, the finding and order of the Court that the two-year sentence imposed is null and void would not discharge the defendant. I note in the last Southwestern advance sheets for November 15 in State v. McQueen, 282 S.W.2d 539 that the cause was reversed and remanded because an Information was not filed in the Circuit Court, with the result that the Supreme Court held the trial court was completely without jurisdiction; nevertheless, the cause was remanded for trial, and not reversed outright, so that the prosecuting attorney would have the opportunity to file an Information and to proceed with the case to a final determination.

"It appears to me that if you concur in the view last above expressed and so advise

Mr. Campbell that he may not care to pro-ceed with his present motion.

"I am sending a copy of this letter to Mr. John B. Ewing, Assistant Prosecuting Attorney, who handled the case for the State."

The order overruling the motion to set aside the plea, judgment and sentence in Cause No. C–25641 is as follows:

"Now on this date, the 23rd day of January, 1956, the Court having considered defendant's 'Motion to set Aside Plea, Judgment and Sentence' filed by the defendant in this court on November 2, 1955, finds that on January 12, 1954, the defendant Paul S. Campbell appeared in person and by his attorney, John P. Ryan, withdrew his plea of not guilty theretofore entered, and upon the advice of his attorney, John P. Ryan, entered a plea of guilty to a charge of assault with intent to rob; that thereupon the Court imposed sentence and ordered and adjudged that the defendant undergo confinement in the penitentiary of the State of Missouri for and during the period of two years for said offense; that the judgment of the Court in effect as aforestated included, 'It is further ordered by the court that the sentence imposed herein run concurrently with sentence imposed in cause No. C–18,046.'

"The Court further finds that said provision above-quoted that the sentence run concurrently with the sentence in cause No. C–18,046 is contrary to law and void, and the Court further finds that said language is surplusage in the sentence and judgment of the Court in this cause, and that the sentence and judgment imposed by the Court should and does lawfully provide that the defendant undergo confinement in the penitentiary of the State of Missouri during a period of two years for said offense of assault with intent to rob.

"Wherefore, It Is Ordered, Adjudged and Decreed By the Court that defendant's Motion to Set Aside Plea, Judgment and Sentence be and the same is overruled, and that no costs be taxed against the defendant because of his petition to sue in forma pauperis."

The defendant took no appeal from this order overruling his first motion. His next procedure was the filing of the petition which is the basis of this appeal.

The appellant alleges that the sentence for the two-year term is being held as a "detainer" against him pursuant to the provisions of section 222.020 RSMo 1949, V.A.M.S. He contends that the trial court, in making the order of January 23, 1956, "had no jurisdiction to so provide in that the petitioner—defendant—was not before the Court at the time such order was entered of record which, in effect, imposed a sentence and judgment in excess to that as intended by the [trial] Court as of date 12th day of January, 1954." The prayer of the instant petition is that the court set "aside the term of imprisonment of 'Two (2) years' as imposed against the person of this defendant—petitioner—as of date 12th January, 1954, and order the case to be retried within the jurisdiction of this Court; or, for such other relief, in behalf of this petitioner, as the Court may deem meet and proper to provide, from the circumstances and premises hereof, under due process of law."

In seeking a writ of error coram nobis, the defendant has mistaken his remedy. Such a writ lies for some unknown fact, going to the right of the court to proceed, which entirely defeats the power of the court to attain a valid result in the proceedings. Badger Lumber Co. v. Goodrich, 353 Mo. 769, 184 S.W.2d 435, 439 [8]. Here there is no allegation of an unknown fact going to the court's jurisdiction. The facts alleged are disclosed on the face of the record; the error, if any, is one of law and the writ will not lie to correct an error of law. State v. Wallace, 209 Mo. 358, 108 S.W. 542, 543 [1]; City of St. Louis v. Franklin Bank, 351 Mo. 688, 173 S.W.2d

837, 846 [11]. However, the allegations of defendant's application and the relief sought brings it within the scope of a motion under Sup.Ct.Rule 27.26 to vacate, set aside or correct a judgment of conviction and sentence, and we will so consider the petition regardless of the name given it. State v. Eaton, Mo., 280 S.W.2d 63, 65 [1]. Further, it appears that the previous motion filed November 2, 1955, entitled "Motion to Set Aside Plea, Judgment and Sentence," was also within the scope of Rule 27.26 and should be considered as such a proceeding.

■ The vital question presented is whether the trial court had the lawful authority to provide that the two-year term should run concurrently with the life sentence, as the court undertook to do in the concluding paragraph of the judgment of January 12, 1954. Section 222.020 provides that if a convict "while under sentence" shall be convicted of another criminal offense, the sentence of the later conviction "shall not commence to run until the expiration of the sentence under which he may be held." The fact that the defendant was on parole and not confined to the penitentiary at the time of the commission of the second offense did not prevent the application of section 222.020 because, as held in Herring v. Scott, Mo., 142 N.W.2d 670, 671 [2]: "The fact that he was out on parole when the second offense was committed, did not make him any the less 'under sentence' for the first offense."

■ Since the law and not the judgment fixes the date on which a term of imprisonment shall commence, Higlin v. Kaiser, 352 Mo. 796, 179 S.W.2d 471, 473 [6], the provisions of section 222.020 were controlling and the trial court was without power or authority to adjudicate that the terms should run concurrently. Herring v. Scott, Mo., 142 S.W.2d 670, 672 [3]; Ex parte Simpson, Mo., 300 S.W. 491, 493 [3].

■ However, the inclusion of an unlawful and ineffective provision in a judgment of conviction, otherwise valid, does not render the entire judgment void, because the portion of the sentence which is contrary to law will be treated as surplusage and disregarded. Higlin v. Kaiser, 352 Mo. 796, 179 S.W.2d 471; State v. Hedrick, Mo., 296 S.W. 152.

■ The trial court properly treated the motion to vacate filed November 2, 1955, as a proceeding under Rule 27.26, which expressly confers the right upon the court to make findings and to "correct the sentence as may appear appropriate." The finding by the trial court that the provision for the concurrent running of the sentence was unlawful and void was not a resentencing, and the presence of the defendant was not required when the order was made. The two-year term of imprisonment imposed on the plea of guilty was the minimum permitted under the statute. Section 559.180. The punishment originally assessed was found to be lawful and it was not disturbed in any way.

■ Another reason why the defendant has no standing with respect to the instant motion is that he exhausted his remedy when his first motion, based on the same grounds, was overruled and he did not appeal. An order overruling a motion filed under Rule 27.26 is a final judgment within the meaning of Rules 28.03 and 28.04 relating to appeals. Rule 27.26 expressly provides that "the court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner." See also Burns v. United States, 8 Cir., 229 F.2d 87; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Hood v. United States, 8 Cir., 152 F.2d 431.

The trial court did not err in overruling defendant's motion. The judgment of the trial court is affirmed.

All concur.