**Lester KING, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.**

No. 52828.

Supreme Court of Missouri,

En Banc.

Jan. 8, 1968.

Rehearing Denied Feb. 12, 1968.

T. E. Lauer, Columbia, for petitioner.

Norman Anderson, Atty. Gen., for respondent.

STORCKMAN, Judge.

This is an original proceedings for a writ of habeas corpus filed in this court by Lester King, an inmate of the Missouri State Penitentiary, against Warden Harold R. Swenson to test the legality of the prisoner's incarceration. The validity and application of §§ 222.020 and 546.480, RSMo 1959, V.A.M.S., are the principal issues involved. Insofar as material to this case, § 222.020 provides that if a convict commits a crime in an institution of the department of corrections and is convicted, his sentence for such crime shall not commence to run until the expiration of the sentence under which he is held. Section 546.480 provides that when "any person shall be convicted of two or more offenses, before

sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction." The facts upon which a determination of the questions presented depends are not in dispute.

On November 17, 1955, Lester King was convicted of robbery in the first degree and was sentenced to fifteen years in the Missouri State Penitentiary where he has since remained. On October 15, 1965, this sentence was commuted by the governor of Missouri to a term ending October 28, 1965. However, on December 24, 1961, while confined in the penitentiary, King committed acts which resulted in his being charged with the criminal offenses of attempting to escape in violation of § 557.351 and of offering violence to a prison guard in violation of § 216.460.

Thereafter, on October 9, 1962, the petitioner King was convicted in the Circuit Court of Montgomery County, Missouri, of the felony of attempting to escape from the penitentiary. Upon the return of the jury's verdict of guilty, the Circuit Court of Montgomery County, acting pursuant to § 556.280, determined "that the Defendant's punishment for the offense of Attempted Escape from the Missouri State Penitentiary for which he has now been convicted in this trial by the verdict of the jury shall be assessed at imprisonment in the penitentiary for a term of four years." On February 20, 1963, the petitioner was formally sentenced by the Circuit Court of Montgomery County to a term of four years in the custody of the department of corrections. This conviction was affirmed by the Missouri Supreme Court on November 11, 1963. State v. King, Mo., 372 S.W.2d 857.

On January 16, 1963, the petitioner was convicted in the Circuit Court of Saline County, Missouri, of the felony of offering violence to a guard of the department of

corrections, and on February 7, 1963, he was sentenced by the court pursuant to § 556.280 to a term of five years in the custody of the department of corrections. This conviction was affirmed by the Missouri Supreme Court on January 13, 1964. State v. King, Mo., 375 S.W.2d 34. Since the dates on which he was sentenced on each of the convictions for attempted escape and offering violence to a guard, the petitioner has been confined in the Missouri State Penitentiary, and has served in an orderly and peaceable manner, without having any infraction of the rules or laws of the institution recorded against him within the purview of § 216.355, which permits the discharge of a prisoner who has served in such a manner three-fourths of the time for which he was sentenced.

It will be helpful to determine first the petitioner's contention that § 546.480 does not apply in this situation "because he was not convicted of two offenses before being sentenced on either of them, but was sentenced on the first offense prior to the second conviction." In other words, King contends that in legal effect he was sentenced to four years in the penitentiary on October 9, 1962, the date of his conviction, in that after the verdict of guilty was returned and the jury discharged the court determined that the defendant's punishment "shall be assessed at imprisonment in the penitentiary for a term of four years." It should be noted that the entry immediately following is that on the defendant's motion thirty days additional time was allowed for filing his motion for new trial. The respondent contends that sentence was not lawfully imposed until February 20, 1963, which was after his conviction on January 16, 1963, of offering violence to a guard and after his sentencing on that conviction on February 7, 1963. The circuit court record of February 20, 1963, recites that the court "did assess his [the defendant's] punishment at four years" on October 9, 1962, but then proceeds to grant allocution, formally pronounces sentence and directs the sheriff to deliver the defendant to the department of corrections.

The proceedings which the petitioner now attacks are entirely consistent with § 556.280, the Habitual Criminal Act, which provides that defendant "shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted" if the judge determines before the case is submitted to the jury that there is a prior conviction. The petitioner cites S.Ct. Rules 28.-08, 27.09, 27.10 and 29.04, V.A.M.R., which relates to the requirements at formal sentencing and contends all such elements were present and entered into the action taken immediately after the conviction on October 9, 1962, when the trial judge determined or assessed the punishment pursuant to § 556.280. The contention ignores the fact that an extension of time was granted defendant immediately thereafter to file his motion for a new trial, that such motion was filed and was overruled on February 20, 1963, at which time the defendant was formally sentenced in the manner provided by law and the rules of court, including allocution which was missing from the proceedings on October 9, 1962.

■ The determination of punishment made by the trial judge, after conviction and before the filing and ruling on a motion for new trial, is not a formal sentencing or a final judgment and does not preclude the trial judge from reaching a different conclusion and imposing a different sentence on final judgment. State v. Jaeger, Mo., 394 S.W.2d 347, 354[14]; State v. Grant, Mo., 380 S.W.2d 799, 802–803[3]. A preliminary indication of the punishment the court intends to impose is helpful in that it enables the defendant to incorporate his objections in his motion for new trial and to urge the results of a pre-sentence investigation prior to actual imposition of the sentence, but a failure to do so does not prevent appellate review of the judgment and sentence for lack of an allegation

of error in the motion for new trial. S.Ct. Rule 28.02, V.A.M.R., State v. Watson, Mo., 400 S.W.2d 129, 132[3]. We rule, therefore, that the four-year sentence for attempted escape was pronounced on February 20, 1963, not on October 9, 1962, as contended by the petitioner, and § 546.480 is not inapplicable for the reasons urged in item six of the petitioner's brief.

The essential chronology of King's criminal history then is that he was sentenced to a term of fifteen years imprisonment on November 17, 1955, and since then has been confined in the penitentiary. On October 9, 1962, he was found guilty by a jury's verdict of attempted escape and on January 16, 1963, of offering violence to a guard. On February 7, 1963, he was sentenced to a term of five years for offering violence and on February 20, 1963, to a term of four years for attempted escape. His fifteen-year term for first degree robbery was terminated October 28, 1965, by the governor's commutation. If, as the petitioner contends, the four and five year sentences ran concurrently with each other and concurrently with the fifteen-year term as commuted, he is entitled to be discharged; if the terms run consecutively as respondent contends, he cannot be released until a future date which will depend somewhat on his behavior in prison.

The attacks on the constitutionality of §§ 222.020 and 546.480 will be considered next. First the petitioner contends that § 222.020 is unconstitutional because it constitutes a bill of attainder in violation of Art. 1, § 10, of the Constitution of the United States, and Art. 1, § 30, of the 1945 Constitution of Missouri, V.A.M.S. The federal constitution provides that no state shall "pass any Bill of Attainder" and the state provision is "that no person can be attained of treason or felony by the general assembly". Bills of attainder are defined in United States v. Lovett, 328 U.S. 303, 66 S.Ct. 1073, 1079[2], 90 L.Ed. 1252, as "legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a

group in such a way as to inflict punishment on them without a judicial trial." The noted Missouri loyalty oath case states that: "A bill of attainder is a legislative act which inflicts punishment without a judicial trial." Cummings v. State of Missouri, 4 Wall. 277, 71 U.S. 277, 323, 18 L. Ed. 356. The petitioner relies chiefly upon United States v. Brown, 381 U.S. 437, 85 S.Ct. 1707, 1710[2], 14 L.Ed.2d 484, holding that a federal statute, which makes it a crime for a member of the Communist Party to serve as an officer or, with certain exceptions, as an employee of a labor union, was invalid as a bill of attainder.

Only the clearest proof will suffice to establish the unconstitutionality of a statute on the ground that it constitutes a bill of attainder. Communist Party of United States v. Subversive Activities Control Board, 367 U.S. 1, 81 S.Ct. 1357, 1403[26], 6 L.Ed.2d 625; 16 Am.Jur.2d, Constitutional Law § 411, p. 752. Generally, legislation which is intended to prevent future dangerous acts, rather than to punish past action, by members of a group or class of persons, is not unconstitutional as a bill of attainder. American Communications Ass'n CIO v. Douds, 339 U.S. 382, 70 S.Ct. 674, 691[25], 94 L.Ed. 925; 16 Am. Jur.2d, Constitutional Law § 412, p. 752.

A bill of attainder proscribed by the constitution is a legislative determination of the guilt of certain named persons or members of an easily identifiable group for past conduct or activity. The limitation does not apply to statutes prescribing the extent and nature of punishment for a crime where guilt is to be judicially determined. This distinguishes the instant situation from that in United States v. Brown. There are other constitutional safeguards designed to afford protection against legislative excess or abuse of power in regard to the nature and extent of punishment. Section 222.020 deals with the rights and responsibilities of convicts and insofar as presently involved renders the convict subject to prosecution for a crime committed

in the penitentiary or while under sentence and requires that the sentence shall not commence to run until the expiration of the sentence under which he is held. The petitioner has found no case attacking such a statute on this ground. Clearly, it is not void as a bill of attainder. See also Communist Party of United States v. Subversive Activities Control Board, supra, 81 S. Ct. at page 1406[29].

In two other specifications, the petitioner charges that § 222.020 is unconstitutional in that it is a special law in violation of Art. 3, § 40(30) of the Missouri Constitution, that it deprives him of equal protection of the law in violation of the 14th Amendment of the United States Constitution, and Art. 1, § 2, of the Missouri Constitution, and that it denies him due process of law in violation of the 14th Amendment of the U. S. Constitution, and Art. 1, § 10, of the Missouri Constitution. Section 546.480 is attacked as unconstitutional on these same grounds. Section 222.020 it further attacked on the ground that is imposes cruel and unusual punishment and results in double punishment in violation of Art. 1, § 21, of the Missouri Constitution, which is the same as the 8th Amendment of the U. S. Constitution.

■ The 14th Amendment of the U. S. Constitution provides, inter alia, that no state shall deny any person within its jurisdiction the equal protection of the laws. Art. 1, § 2, of the Missouri Constitution, states that all persons are entitled to equal rights and opportunity under the law, and Art. 3, § 40(30), provides that the general assembly shall not pass any local or special law where a general law can be made applicable and whether a general law could have been made applicable is a judicial question. The general purpose of these federal and state provisions is to prevent invidious discrimination. Statutory classification does not violate constitutional limitation if all persons in the same class are treated with equality. Walters v. City of St. Louis, 364 Mo. 56, 259 S.W.2d 377,

386[11], affirmed 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660. Federal and state decisions cited by the petitioner present no conflict with these rules. The judicial question presented is whether the statute can properly be said to exclude persons of the same class. Marshall v. Kansas City, Mo., 355 S.W.2d 877, 884[12], 93 A.L.R.2d 1012.

■ The class of persons with whom we are concerned under § 222.020 is any convict who "commits any crime in an institution of the department of corrections, or in any county of this state while under sentence." The category includes a convicted person who has been placed on parole. State v. Hicks, Mo., 376 S.W. 2d 160, 163[6]. The petitioner argues that this does not include all persons imprisoned anywhere in the state, nor all convicted of felonies or misdemeanors, and attacks the policy of singling out convicts to the exclusion of non-convicts for cumulative sentencing. This is a question of policy for legislative determination in the first instance. It requires no imagination to think of good reasons for so providing. If it were not so, a convict under a long-term sentence in the department of corrections could offend with impunity because it is as easy to serve several concurrent sentences as a single one. The statutory provision makes cumulative sentencing operative on all such convicts alike. The classification is a proper one and does not violate the constitutional prohibitions against special laws or equal protection of the laws.

■ The petitioner also attacks § 546.480 on the ground that it offends the constitutional provisions against special laws and equal protection of the laws. The same line of authorities is relied on as have been fully considered in disposing of the same sort of attack on § 222.020. As in the previous instance, it is conceded that the statute, although it has been in existence since 1879, has never been attacked on this ground. Section 546.480 in substance provides that when any person has

been convicted of two or more offenses before he has been sentenced on either, the imprisonment for the second or subsequent conviction shall commence at the termination of the imprisonment to which he shall have been sentenced upon the prior conviction. The petitioner presents numerous arguments and examples which, if accepted as valid, would deny, in effect, all legislative power to classify—a result not contemplated by the constitutional limitation. We find them tenuous and without merit. Again the purpose is to achieve greater equality in sentencing and to avoid disparity in this category. The classification in § 546.480 is not unreasonable, arbitrary or capricious and does not violate constitutional provisions relating to special laws and equal protection under the laws.

■ It is further contended that the application of the cumulative sentencing provision of § 222.020 to the petitioner deprives him of due process of law in violation of the federal and state constitutions in that "it imposes cruel and unusual punishment and in effect results in double punishment." Amendment 8 to the United States Constitution specifically provides that cruel and unusual punishment shall not be inflicted. Missouri has an identical constitutional provision in Art. 1, § 21. Exemption from cruel and inhuman punishments is one of the immunities or privileges guaranteed to a citizen of the United States by the 14th Amendment. O'Neil v. State of Vermont, 144 U.S. 323, 12 S.Ct. 693[4], 36 L.Ed. 450. State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 376[4], 91 L.Ed. 422, ascribes the application of the 8th Amendment to the due process clause of the 14th Amendment. Which view is correct is not material because the Missouri constitution affords the same protection. In Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758, the United States Supreme Court held that a state law which made a *status* of narcotic addiction a criminal offense for which the addict could be prosecuted at any time before he reformed

and for which he could be punished by 90 days imprisonment inflicted a cruel and unusual punishment in violation of the 14th Amendment. The opinion in Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793, demonstrates largely by comparisons that long-term imprisonment combined with a number of "accessories" as additional punishment was cruel and unusual for the crime of falsification of a public record.

■ The petitioner asserts that in addition to the punishments for attempted escape and offering violence to a guard, he is being punished under § 222.020 in that these sentences must be served consecutive to the sentence under which he was being held; that he was sentenced by the court under the Habitual Criminal Act, § 556.-280; that he lost his time off for good behavior under § 216.355, subd. 1; and that the sentences for attempted escape and offering violence cannot be served concurrently by reason of § 546.480. He says that a "non-convict" who aided an attempted escape would not be subject to the provisions of all these statutes. This phase of the argument has been disposed of by our holding that § 222.020 was not an improper classification creating a special law and a violation of the provision for equal protection. The problem with which we are now confronted is whether the consecutive nature and extent of imprisonment constitutes cruel and unusual punishment. Our conclusion is that it does not.

■ We start with the proposition that fixing the limits of punishment is primarily a legislative function which is limited only by the constitution. State v. Nord, Mo., 286 S.W.2d 775, 776[2]. The legislative authority has the right to classify with reference to the evil to be prevented and there is no constitutional requirement that the legislation must reach every class to which it might be applied. McClellan v. Kansas City, Mo., 379 S.W.2d 500, 506[15, 16]. Taken individually, all of the statutes of which the petitioner complains

have a beneficial purpose and are designed to encourage good behavior and to prevent lawlessness. None of them considered separately violate the prohibition against cruel and inhuman punishment. There is no sound basis for petitioner's complaint that his attempted escape and threatened violence ran afoul of statutes which evoked the consecutive sentences. State v. Whitley, Mo., 382 S.W.2d 665, 667[5]. Sections 222.020 and 546.480 and the punishment resulting from their application to the petitioner do not violate constitutional guarantees against cruel and inhuman punishment or constitute "double punishment".

■ In points 4 and 8 of his brief the petitioner charges generally and specifically that §§ 222.020 and 546.480 violate the due process of law provisions of the 14th Amendment of the United States Constitution and similar provisions of the state constitution. We have considered all aspects of the due process clause which are alleged to have been violated together with all other constitutional questions presented and find them to be without merit. Accordingly, we find that §§ 222.020 and 546.480 are not vulnerable to the attacks made on their constitutionality.

The petitioner further contends his four-year and five-year sentences should run concurrently with each other and with his previous fifteen-year sentence since there is no provision to the contrary in the judgments and sentences or in any valid, controlling statute. The contention that §§ 222.020 and 546.480 are invalid have been determined adversely to the petitioner. The further contention is that neither of the statutes are applicable and that the judgments and sentences permit the sentences to be served concurrently. Authorities cited by the petitioner to the effect that sentences shall run concurrently where the judgment is silent on the point are cases not within the purview of the statutes.

■ While both statutes affect the extent of the convicted person's punishment, they operate in different areas, and one or both may be applicable in a given situation. If a person under sentence commits a single additional offense, § 222.020 alone applies and makes the additional term consecutive to the one he was serving. If he commits multiple additional offenses, then § 546.480 may be applicable to the additional offenses and determines that the additional terms must be served consecutively to each other depending on whether he is convicted on two or more offenses before sentence is pronounced on him for either offense. Regarding § 222.020 it is stated in State v. Hicks, Mo., 376 S.W.2d 160, 163[4, 5], that: "The statute not only fixes unalterably the *order* of serving the sentences, but it makes them *consecutive*, and no provision of a judgment may change this." To the same effect, see Stanfield v. Swenson, 381 F.2d 755, 758[2], State v. Testerman, Mo., 408 S.W.2d 90, 92[1], State v. Campbell, Mo., 307 S.W.2d 486, 490[4]; 356 U.S. 922, 78 S.Ct. 708, 2 L.Ed. 2d 718, and Higlin v. Kaiser, 352 Mo. 796, 179 S.W.2d 471, 473[6]. Section 546.480 also has been held mandatory and in situations falling within its terms leaves the trial court no authority to impose any sentence other than a cumulative one. State v. Harris, 336 Mo. 737, 81 S.W.2d 319, 322[2]. Both statutes are applicable and controlling in the circumstances of the petitioner's convictions and together determine that the three sentences must be served consecutively.

The petitioner also asserts that §§ 222.020 and 546.480 are not applicable to the four-year and five-year sentences because the petitioner was sentenced pursuant to the Habitual Criminal Act, § 556.280, the provisions of which conflict with and prevail over §§ 222.020 and 546.480. Although presented as separate points, the contentions and the supporting authorities in each instance are practically the same. Insofar as here pertinent, § 556.280, as amended in 1959, provides that if any person convicted of a penitentiary offense shall be sentenced and placed on probation, paroled, fined or

imprisoned therefor and subsequently commits an offense for which he "could be punished by imprisonment in the penitentiary, then the person shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted." Thus the judge, and not the jury, in a habitual criminal case determines the punishment "provided by law" which the convicted person shall receive. The petitioner urges that the mandatory cumulative sentence provisions of §§ 222.020 and 546.480 are inconsistent and in conflict with the provision of § 556.280 that the person "shall receive such punishment provided by law * * * as the trial judge determines after the person has been convicted." The petitioner says § 556.280 gives the trial judge discretion to fix the punishment and this prevails over provisions of the statutes in question requiring the terms to be served consecutively because § 556.280 was enacted later in point of time.

■■■■ In construing statutes which appear to be in conflict, the court must harmonize such statutes, if possible, with the general legislative purpose and give force and effect to each. State v Crouch, Mo., 316 S.W.2d 553, 554[2]. The statutes present no conflict and may be readily harmonized. The Habitual Criminal Act authorizes the judge to impose such punishment as is "provided by law". Sections 222.020 and 546.480 are a part of the law provided and are binding on the judge. He is authorized to determine the length of the term within the limits provided by law, but he cannot provide concurrent sentences when §§ 222.020 and 546.480 are applicable. A similar contention was denied in State v. Taylor, 323 Mo. 15, 18 S.W.2d 474, 475–476[3]. See also State v. Mc-Clanahan, Mo., 418 S.W.2d 71, 74[4, 5].

■■■ The petitioner's final contention is that § 546.480 applies only where two or more sentences are imposed at the same term of the same court and is inapplicable here because the petitioner was convicted in different courts and at different terms. The petitioner concedes that "there are no Missouri cases squarely holding that section 546.480 applies only to two or more convictions at the same term of a single court", but places his reliance largely upon Ex parte Meyers, 44 Mo. 279, 281 (1869), which he recognizes was "thoroughly discredited" in State ex rel. Meininger v. Breuer, 304 Mo. 381, 264 S.W. 1, decided by the court en banc in 1924. He contends, however, that the Meininger decision did not disapprove the statement in the Meyers case that the statute, now § 546.480, applies only where a person is convicted of two or more offenses at the same term. Meyers was sentenced to a two-year term of imprisonment for grand larceny and at a subsequent term of court of the same court was convicted and sentenced on another indictment for grand larceny to a period of three years. The court held he could not again be put on trial for another offense until he had served the term of imprisonment previously imposed because the court had lost jurisdiction to do so. Section 546.480 applies only when the person has been convicted of two or more offenses *before* he is sentenced for either offense. It may be granted that the most frequent application of the statute will be where a defendant is convicted on several counts of an indictment or where he pleads guilty to several charges in the same court before he is sentenced on any of them (State v. Harris, 336 Mo. 737, 81 S.W.2d 319, 322); but the statute is not so limited. The statement relied on was not necessary to the Meyers decision. We doubt that it survived the Meininger attack, but if it did, it is now disapproved. See also State ex rel. Billings v. Rudolph, 322 Mo. 1163, 17 S.W.2d 932, 933.

■■■ In accordance with the general rule, statutes relating to punishment for a criminal offense will be construed in accordance with the legislative intention. 21 Am.Jur.2d Criminal Law § 579, p. 543.

The Meininger opinion treats the subject exhaustively and demonstrates that Meyers was out of harmony with then existing decisions which were not called to the attention of the court. It shows that the courts had the authority to impose cumulative sentences apart from the statute, and the purpose of the statute was to make uniform and mandatory a matter which judges sometimes overlooked or failed to make certain at the time of sentencing. See 20 St. Louis Law Review 370.

Section 546.480 does not expressly or by implication limit its application to sentences imposed at the same term of court. If there ever was any need for such limitation growing not out of the statute but out of the legal effect of the expiration of a term of court, such need does not now exist. S.Ct. Rule 31.03 provides: "The expiration of a term of court shall in no way affect the power of the court to do any act or take any proceeding which it is otherwise by law or by these Rules authorized to do or take in any case pending before the court." See also S.Ct. Rule 44.01(c), and § 506.060, subd. 3. The function of court terms in Missouri is now largely administrative in character. We cannot read into the statute an intention that its application shall be limited to sentences imposed at the same term of court.

"Jurisdiction to inflict cumulative punishments does not depend on whether the separate convictions were had before the same court but upon whether the convicted felon had in fact committed separate and distinct violations of law which merited separate, and therefore cumulative, punishments." 21 Am.Jur.2d Criminal Law § 548. See also 24B C.J.S. Criminal Law § 1994. Section 546.480 makes mandatory that which the courts had authority to do but sometimes omitted or left in doubt. The need of such legislative provision is even more appropriate where the sentences are imposed by different courts and the court imposing the later sentence may not know or be fully informed as to the pre-

vious sentence with the result that without the statute the later sentence might be construed as concurrent and in effect impose no punishment for the additional offense. The contention that § 546.480 does not apply to the sentence of five years for offering violence to a guard and to the four year term for attempted escape is denied.

We have considered all of the petitioner's contentions and find them to be without merit. Accordingly the writ of habeas corpus is discharged and the petitioner is remanded to the custody of the respondent.

All concur except HOLMAN, C. J., and DONNELLY, J., not sitting.