**Larry W. AKERS, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 1313.**

United States District Court
W. D. Missouri,
Central Division.

July 10, 1968.

---

Larry W. Akers, pro se.

BECKER, Chief Judge.

ORDER GRANTING LEAVE TO PRO-
  CEED IN FORMA PAUPERIS
  AND DISMISSING PETITION
  FOR HABEAS CORPUS WITH-
  OUT PREJUDICE

Petitioner, a state convict confined in the Missouri State Penitentiary, Jefferson City, Missouri, has filed in this Court a petition for a writ of federal habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that after a plea of guilty to a charge of "violence to a guard" [Section 216.460, RSMo 1959, V.A.M.S.: (entitled) Conspiracy of Assaults by prisoners to guards or inmates, felony, penalty] he was sentenced to a term of two years by the Circuit Court of Cole County; that he did not appeal the judgment of conviction or imposition of

sentence; that he has not filed a motion to vacate, set aside or correct his sentence under Missouri Criminal Rule 27.26 because "it does not lie herein"; that he filed a petition for a writ of habeas corpus in the Missouri Supreme Court presenting the same contentions as are presented herein but that that court on March 11, 1968, denied him relief; and that he was represented by counsel at his arraignment, plea, and sentencing.

It is not claimed that the Supreme Court of Missouri denied relief on the merits after an evidentiary hearing.

Petitioner contends that he is being imprisoned illegally by the respondent under Section 222.020, RSMo 1959, V.A.M.S.; that this section of the Missouri statutes creates illegal criminal classifications which subject him to "cumulative punishments"; that because the Circuit Court of Cole County did not expressly state when the two-year sentence it imposed on him was to commence, it commenced at the date of imposition; that having served that sentence at this time he is entitled to be released; and that Section 222.020, RSMo 1959, V.A.M.S., as applied to petitioner constitutes a bill of attainder, deprives him of due process of law, and subjects him to cruel and unusual punishment.

The facts which petitioner states to support his contention that he is being held unlawfully are that on March 4, 1964 he was convicted and sentenced to a seven-year term for armed robbery in the Circuit Court of St. Louis City; that while serving the seven-year sentence in the Missouri State Penitentiary, he was charged with and convicted of the offense of "violence to a guard" (May 31, 1966); that on February 15, 1968, his seven-year sentence was commuted by the governor and was terminated as of that date; that he has been held continuously since his seven-year sentence was commuted; that because the seven-year and two-year sentences were running concurrently, he is entitled to be released from confinement; that Section 222.020, RSMo 1959, V.A.M.S., is unconstitutional because it provides for "legislative deter-

mination of the sentence by prescribing when the sentence of a convict shall commence"; that he was not informed or "put on notice" that the two-year sentence would not commence to run until he had completed service of the seven-year sentence; and that a motion under Missouri Criminal Rule 27.26 "is not [an] available remedy herein because the trial court is not questioned".

Section 222.020, RSMo 1959, V.A.M.S., reads as follows:

"The person of a convict sentenced to imprisonment in an institution within the state department of corrections is under the protection of the law and any injury to his person, not authorized by law, is punishable in the same manner as if he were not under conviction and sentence; and if any convict commits any crime in an institution of the department of corrections, or in any county of this state while under sentence, the court having jurisdiction of criminal offenses in the county shall have jurisdiction of the offense, and the convict may be charged, tried and convicted in like manner as other persons; and in case of conviction, the sentence of the convict shall not commence to run until the expiration of the sentence under which he is held. If the convict is sentenced to death, the sentence shall be executed without regard to the sentence under which said convict is held in the correctional institution."

This section was recently reviewed in an original proceeding on a petition for a writ of habeas corpus in the Missouri Supreme Court. See, King v. Swenson (Mo.Sup.Ct., 1968) 423 S.W.2d 699. In the *King* case, the contentions presented to the Missouri Supreme Court by the prisoner were similar to the contentions of the petitioner herein except in that case the petitioner had been convicted by a jury on a plea of not guilty and sentenced for two felonies while under service of sentence. The court there held that the consecutive sentencing provision of Section 222.020 was constitutional, was not violative of due process of law,

was not a bill of attainder, was not cruel and unusual punishment, and was a statute creating mandatory consecutive sentences under such circumstances. Here the petitioner's contentions involve a plea of guilty and a claim of lack of knowledge of the mandatory requirements of consecutive service of the sentences.

■ Petitioner's contention that post-conviction relief is not available "because the trial court is not questioned" is without merit. Post-conviction relief may be sought by "[a] prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States * * *." Missouri Criminal Rule 27.26, RSMo 1959, V.A. M.S. Therefore, petitioner has a currently available remedy in the state courts and the petition herein should be dismissed without prejudice.

Petitioner should note that the state trial court (here the Circuit Court of Cole County) should have an opportunity to first hear petitioner's claims of violations of federal and state law under amended Missouri Criminal Rule 27.26. The principles of Russell v. Swenson (W.D.Mo., 1966) 251 F.Supp. 196, equating an evidentiary hearing on a petition for habeas corpus in the Missouri Supreme Court with a hearing under the earlier Missouri Criminal Rule 27.26 and an unsuccessful appeal is not applicable here because of the new, currently available post-conviction remedies and procedures under amended Missouri Criminal Rule 27.26 (effective September 1, 1967). Therefore, since the petitioner has not sought post-conviction relief by motion under amended Missouri Criminal Rule 27.26, he has failed to exhaust all currently available state post-conviction remedies.

■ Petitioner is advised that, in the absence of exceptional circumstances not claimed to be present here, all currently available state post-conviction remedies must be exhausted by motion in the committing court under Missouri Criminal Rule 27.26, and by appeal therefrom of any adverse decision to the Missouri Supreme Court on all federal questions forming the basis for a petition for a writ of federal habeas corpus. Baines v. Swenson (C.A. 8, 1967) 384 F.2d 621; Collins v. Swenson (C.A. 8, 1967) 384 F.2d 623; Hooper v. Nash (C.A. 8, 1963) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768; White v. Swenson (W.D.Mo., Court en banc, 1966) 261 F.Supp. 42; Russell v. Swenson (W. D.Mo., 1966) 251 F.Supp. 196.

The two exceptions to this rule arise where (1) in the original trial and on the direct appeal therefrom or (2) in a state habeas corpus proceeding, the same precise questions have been presented to and ruled upon by the trial court and the Missouri Supreme Court, and the evidence upon which the federal habeas corpus petition is prosecuted and opposed is the same as that upon which the trial court and the Supreme Court of Missouri made their rulings on the merits of those questions (Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469); provided that the rulings on the merits at the original trial and the appeal therefrom or that the rulings on the merits in a state habeas corpus proceeding were determined upon current federal constitutional standards or provided that there is no currently available state post-conviction review under current federal constitutional standards, which is not the case in Missouri. Cf. State v. Pickel (Mo.Sup.Ct., 1964) 376 S.W.2d 181.

■ The circumstances stated by the petitioner herein, and assumed for the purpose of this petition to be true, are neither sufficient to bring this case within the exceptions noted above nor are they sufficient to render the liberal state post-conviction remedies inadequate or "ineffective to protect the rights of the prisoner." Section 2254, Title 28, U.S.C., expressly provides that:

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if *he has the*

*right under the law of the State to raise, by any available procedure,* the question presented." (Emphasis supplied.)

This quoted provision is applicable in this case. The fact that petitioner has not afforded the trial court and the Missouri Supreme Court an opportunity to review claims of violations of his federally protected constitutional rights is sufficient to dismiss the petition herein without prejudice. Baines v. Swenson, supra; Collins v. Swenson, supra; Hooper v. Nash, supra; Russell v. Swenson, supra.

Until petitioner has exhausted all currently available state post-conviction remedies under Missouri Criminal Rule 27.26 in the trial court and appealed any adverse decision to the Missouri Supreme Court, he cannot secure a determination of his claims of violation of federally protected constitutional rights by federal habeas corpus. See authorities, supra. In this connection petitioner's attention is invited to the provisions of Missouri Criminal Rule 27.26 as amended effective September 1, 1967, providing new detailed implementation of petitioner's rights. Cf. Baines v. Swenson, supra.

The petition herein may present questions of violation of federally protected constitutional rights. Among others, the question of whether the plea of guilty was involuntary unless petitioner knew of the mandatory consecutive sentencing provisions of Section 222.020 before he plead guilty to the charge of offering violence to a prison officer or guard should be first submitted to the trial court. Therefore, since petitioner currently has an adequate and effective state post-conviction relief procedure (and possibly a remedy) available to him in the state courts, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for a writ of federal habeas corpus herein be, and it is hereby, dismissed without prejudice.