**Herman Richard AGUILAR, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 54512.**

Supreme Court of Missouri,
Division No. 2.

April 13, 1970.

John J. Cosgrove, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

In this post-conviction proceeding under Supreme Court Rule 27.26, V.A.M.R., the trial court, after an evidentiary hearing, denied relief and defendant has appealed.

Chronologically, the relevant facts are: (1) On April 5, 1965, after pleas of guilty, defendant was sentenced to concurrent terms of four years each for burglary second degree and stealing. (2) On July 12, 1966, he was placed on parole. (3) On May 19, 1967, for the offense of assault with intent to rob without malice aforethought, he was sentenced by the court to a term of three years. In an effort to allow credit for "jail time" served, the judgment recited, "It is further ordered by the court that the sentence imposed herein began as of the 15th day of August, 1966." This judgment was affirmed in State v. Aguilar, Mo., 429 S.W.2d 754. (4) The Board of Probation and Parole revoked the parole previously granted from the sentence of April 5, 1965. (5) On December 19, 1967, the Governor commuted the original sentence to a term ending January 19, 1968.

After learning that the penal authorities commenced the last sentence on January 19, 1968, instead of on August 15, 1966, as provided by the trial court, defendant filed his motion to vacate and set aside the judgment. By an amended motion, alleged ineffective assistance of counsel was added.

The trial court made findings of fact and rulings of law on both issues, and in accordance with Crosswhite v. State, Mo., 426 S.W.2d 67, we are to determine whether or not such findings and conclusions are clearly erroneous.

■ The intended victim of the aborted robbery shot at defendant several times as he fled, and soon thereafter defendant was in an automobile accident, and was later treated at a hospital. At the original trial, the state offered evidence that puncture wounds of defendant were caused by the shots. No evidence to the contrary was offered by the defense. Complaint is now made that the treating doctor was not called to testify that the wounds "may have been" caused by the accident. Some doctor, whose name was still unknown, allegedly had told defendant's mother he thought defendant had been cut by glass. His self-employed counsel had not been advised of this possibility, and in reference to the defense provided, defendant testified, "Well, my mother and I are both satisfied with the way he handled the case." Admission was made that the charge of "ineffective assistance of counsel" was occasioned by the insistence of a fellow inmate at the penitentiary. Quite obviously, defendant was torn between his commendable desire to admit the excellence of his counsel's efforts in his behalf, and the understandable reluctance to forfeit any possible issue upon which he might have prevailed. The trial court found that this point was not asserted in good faith, and that defendant did not carry his burden of proof on alleged ineffective assistance of counsel. This conclusion was not erroneous and was the only one justified by the record.

■ It is unfortunate that the efforts of the sentencing judge to allow defendant "jail time" created uncertainty as to the exact time the sentence was to commence. However, the record reflects that the penal authorities did credit such time on the original sentence and defendant has not been prejudiced. As a matter of law, the attempt to allow such credit by specifying the date the term was to commence was contrary to Section 222.020, V.A.M.S.

On similar facts we held in State v. Campbell, Mo., 307 S.W.2d 486, 490 [3], that: "Section 222.020 provides that if a convict 'while under sentence' shall be convicted of another criminal offense, the sentence of the later conviction 'shall not commence to run until the expiration of the sentence under which he may be held.' The fact that the defendant was on parole and not confined to the penitentiary at the time of the commission of the second offense did not prevent the application of section 222.020 because, as held in Herring v. Scott, Mo., 142 S.W.2d 670, 671 [2]: 'The fact that he was out on parole when the second offense was committed, did not make him any the less "under sentence" for the first offense.'

* * * [5] However, the inclusion of an unlawful and ineffective provision in a judgment of conviction, otherwise valid, does not render the entire judgment void, because the portion of the sentence which is contrary to law will be treated as surplusage and disregarded. Higlin v. Kaiser, 352 Mo. 796, 179 S.W.2d 471; State v. Hedrick, Mo., 296 S.W. 152."

The trial court made the same ruling of law and denied relief.

Not finding the judgment entered to be erroneous, the same is affirmed.

All of the Judges concur.