John CRUMP, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 54515, 54516.

Supreme Court of Missouri,
En Banc.

Feb. 8, 1971.

John Crump, pro se., John L. Anderson, Hillsboro, by appointment, for appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Consolidated appeal from denial of relief, sought under Supreme Court rule 27.26, V.A.M.R., from two 75-year sentences for assault with intent to kill.

Four informations were filed against John Crump in the Washington County Circuit Court in August, 1959. Two

charged murder in the first degree. Two charged assault with intent to kill. On a change of venue to Jefferson County, that circuit court, on November 16, 1959, on the defendant's guilty pleas sentenced him to life imprisonment on each of the murder charges. Those sentences were the subject of a previous unsuccessful 27.26 proceeding. See State v. Crump, Mo.Sup., 412 S. W.2d 490.

On November 20, 1959, Crump entered pleas of guilty in the Washington County Circuit Court on the two assault charges here involved. In the first (No. C-4013) the sentence imposed was a term of 75 years' imprisonment, "to commence upon the expiration of the sentences previously imposed in Jefferson County Circuit Court, case numbers 19363 and 19364," the murder cases above referred to. In the second assault case (No. C-4014) the sentence imposed was also 75 years' imprisonment, "to commence upon the expiration of the previous sentences imposed upon this defendant in Jefferson County Circuit Court, cases number 19363 and 19364, and Washington County case number 4013."

By his amended motion under Rule 27.-26, supra, prepared with the assistance of an appointed attorney, the movant-appellant sought relief from the assault sentence on the following grounds:

"a. It is defendant's contention that the sentence imposed in this cause is not determinative; that it is indefinite, uncertain and unclear.

"b. That punishment imposed in this cause and cause numbered C-4014 when taken together and when considered with reference to the two prior life sentences, constitutes cruel, barbarous and unusual punishment, in violation of the Constitution of the United States and the Constitution of the State of Missouri. Further, that the manner and mode of sentencing resorted to in this case and its companion cases is subversive of the purposes of correctional institutionalization; in that, defendant prisoner is deprived of the full rehabilitative and correctional programs available to others under sentence to the custody of the department of correction.

"c. That when defendant was sentenced, he did not have sufficient mind to understand the nature and gravity of the proceedings that were brought against him, and this also at the time he entered his plea of guilty, the consequences of which he could neither appreciate nor understand."

An evidentiary hearing was held, following which the trial court made findings of fact and conclusions of law and denied the relief sought. The trial court found the sentences clear and unambiguous within the limits established by law and not violative of federal or state constitutional provisions. The court also found that the movant failed to establish by a preponderance of the evidence that he lacked sufficient mental capacity to enter a knowing and understanding plea of guilty. On this appeal, movant urges that the trial court's findings should be set aside as clearly erroneous. Supreme Court Rule 27.26(j), V.A.M.R.

■ The sentences of the circuit court are clear and unambiguous. The sentence in trial court No. C-4013 is to begin at the conclusion of the previously imposed life sentences. The sentence in No. C-4014 is to begin at the conclusion of the previous life sentences and the 75-year sentence in No. C-4013. Appellant's cited cases of Biddle v. Hall, 8 Cir., 15 F.2d 840; United States ex rel. Chasteen v. Denemark, 7 Cir., 138 F.2d 289; Hode v. Sanford, 5 Cir., 101 F.2d 290; and Hogan v. Hill, D.C., 9 F.Supp. 333, involved sentences which were not clear as to whether multiple sentences were concurrent or consecutive. Here the language employed is clear and there is no ambiguity. No problem affecting the validity of the sentences arises by reason of the fact that they are consecutive to prior life sentences. State v. Campbell, Mo.Sup., 307 S.W.2d 486; Higlin v. Kaiser, 352 Mo. 796, 179 S.W.2d 471.

■ Appellant contends that the sentences, considered with the prior life sen-

tences, constitute cruel, barbarous and unusual punishment, in violation of Article I, § 21, Constitution of Missouri, 1945, V.A.M.S., and the Eighth and Fourteenth Amendments to the Constitution of the United States, and further that the method of sentencing is "subversive of the purpose of correctional institutionalization in that Defendant-Appellant has been deprived of the full rehabilitative and correctional program available to others under sentence to the custody of the Department of Correction."

The length of the sentences and the fact that they were consecutive present no question of cruel and unusual punishment under the constitutional provision relied upon. The offenses involved were separate. The punishment assessed was within the limits for the offense. United States ex rel. Darrah v. Brierley, 415 F.2d 9, 13 [7], (3rd C.C.A.); King v. Swenson, Mo.Sup., 423 S.W.2d 699.

█ The second portion of appellant's contention is based upon his testimony that, because of the length of the sentences imposed upon him, he is not eligible, under department of correction rule, to be assigned to the "honor halls" or prison farms. The cruelty of a punishment depends upon what the sentence itself authorizes to be inflicted. Stewart v. United States, 325 F.2d 745 (8th C.C.A.). A motion under Rule 27.26, supra, is no vehicle for attacking the validity of rules of the department of corrections.

█ Appellant's contention that he lacked sufficient mental capacity to enter a knowledgeable plea of guilty is based primarily upon a report of mental examination, conducted after his arrest and prior to his sentences in 1959, at Missouri State Hospital No. 4. That report concluded that movant had a severe mental deficiency, without psychosis. Appellant testified that his claim was also based upon "not having enough education" (third grade). The trial court found, in effect, that this evidence was insufficient to meet appellant's burden

of proof on this issue. Supreme Court Rule 27.26(f), V.A.M.R. Our review is limited to determination of whether this conclusion was clearly erroneous. Supreme Court Rule 27.26(j), V.A.M.R.; Crosswhite v. State, Mo.Sup., 426 S.W.2d 67, 70.

The report of mental examination, coupled with a third-grade education, did not necessarily establish that movant did not understand the consequences of his plea of guilty. He was represented at his plea by counsel employed by his parents. In the course of his mental examination, he recalled the events out of which the charges arose. His replies to examiners were "coherent and relevant." His statement revealed a rational, although criminal, scheme to commit a robbery of a store in an isolated area and to murder the proprietor's family in order to eliminate potential witnesses. Movant himself did not testify that he did not understand the occurrences in the Washington County Circuit Court when the guilty pleas were entered and the sentences imposed. No transcript of the proceedings at that time has been placed in evidence. In these circumstances, the trial court's finding of failure of proof cannot be said to be clearly erroneous.

Judgments affirmed.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court en Banc.

FINCH, Acting C. J., DONNELLY, MORGAN, HOLMAN, BARDGETT, JJ., and WOLFE, Special Judge, concur.

SEILER, J., dissents in separate dissenting opinion filed.

HENLEY, C. J., not sitting.

SEILER, Presiding Judge (dissenting).

I respectfully dissent. One of defendant's claims is that at the time he entered his

pleas of guilty and was sentenced he did not understand the proceedings brought against him or the consequences of his entering a plea of guilty (and I doubt if he or any of the others in the courtroom understood the full consequences of the two consecutive 75 year terms following the two life sentences or how he would have to serve the time once in prison). As I read the record in the hearing on his 27.26 motion, although the trial court apparently did not believe defendant's testimony, there is nothing in the record to support a finding that when this defendant entered his pleas of guilty that the sentencing court, as required by Rule 25.04, did not accept the pleas without first determining that the plea was made voluntarily with understanding of the nature of the charge. There was no transcript of the proceedings at that time placed in evidence, nothing was done about calling the lawyer who represented defendant at the time of the guilty pleas, nothing was done about calling the judge who occupied the trial bench at the time of the guilty pleas.[1] There is nothing to show any compliance with Rule 25.04, Drew v. State (Mo.Sup.), 436 S.W.2d 727; State v. Reese (Mo.Sup. banc) 457 S.W.2d 713, despite the undisputed fact that about the same time as the entry of the guilty pleas defendant, age 19, had been medically diagnosed as having a severe mental deficiency.

In my opinion, this case should be remanded to the circuit court for further evidentiary hearing on whether or not there was a compliance with Rule 25.04 at the time the guilty pleas were entered and the two 75 year sentences pronounced. In saying this I am aware that at the 27.26 hearing defendant was asked on cross-examination, "And did you or did you not

commit the assaults for which you were sentenced?", to which defendant answered "Yes, sir, I did". Nevertheless, I am of the opinion that it is more important to the administration of justice in the long run that Rule 25.04 be scrupulously observed than it is to say the failure to observe it can be excused in cases where subsequently defendant makes an admission of guilt. See Judge Hyde's handling of State v. Blaylock (Mo.Sup.) 394 S.W.2d 364, 367. Even if guilty, this defendant was entitled to have explained to him, in a way he could understand, the nature of the charge involved. There is no evidence in this record to show this was done. The nature of the charge would certainly involve explaining to defendant the range of punishment for the charges and the fact that the sentences could be consecutive or concurrent. He was entitled to know this before his plea was accepted.

---

1. Although the majority opinion says defendant did not testify he did not understand the occurrences in circuit court when the guilty pleas were entered and sentences imposed, defendant did testify he "did not have enough mind to know the nature of the proceedings", that he could not recall talking to his lawyer when he was in court on the two 75 year sentences, that his lawyer did not explain it to him, or talk to him about what was going to happen that day, that "I didn't know what the plea of guilty was", that they "stood there side by side and he answered the question for me", and that "he answered the questions for me as the Judge read the charges off."