**Kenneth J. STEPHENS,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 30279.**

Missouri Court of Appeals,
Western District.

June 11, 1979.

James D. Worthington, Lexington, for movant-appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

We affirm the trial court's judgment denying the 27.26 motion of Kenneth J. Stephens.

Defendant on September 1, 1977, following an earlier guilty plea, was sentenced by the Circuit Court of Lafayette County to two 20-year terms of imprisonment on two counts of armed robbery respectively. The terms were to be served concurrently with each other, but under § 222.020, RSMo 1969, they were required to be served consecutively to a sentence, of which six years remained, which defendant was under at the time of the robberies. Defendant at the time of the robberies was an escapee from the Missouri Department of Corrections.

The movant set forth several grounds for relief in his motion, but on this appeal only one has been briefed. Those not briefed are abandoned. *Herron v. State*, 498 S.W.2d 530 (Mo.1973); *Borman v. State*, 528 S.W.2d 502 (Mo.App.1975). The remaining allegation is that § 222.020, RSMo 1969 is invalid because in violation of movant's Due Process and Equal Protection rights under the Constitutions of Missouri and the United States. If found to be so, presumably we would reverse and remand for the court to exercise discretion in determining whether the two 20-year sentences should run consecutively or concurrently with the sentence which defendant was under at the time of the robberies—or would order them served concurrently as in *Anthony v. Kaiser*, 169 S.W.2d 47 (Mo. banc 1943).

The question of the validity of the statute as against Due Process and Equal Protection challenges has been decided adversely to movant's position by the Supreme Court of Missouri in *King v. Swenson*, 423 S.W.2d 699 (Mo. banc 1968.) A later case, *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975) overruled *King* with respect to its approval of another statute, but its authority is unimpaired with respect to § 222.020, RSMo 1969. We are bound to follow it as the "last controlling decision" of the Missouri Supreme Court. Mo.Const. Art. V, § 2; *State v. Hegwood*, 558 S.W.2d 378 (Mo.App. 1977).

The judgment is affirmed.

All concur.