STATE of Missouri, Respondent,

v.

W. A. BROOKSHIRE, Appellant.

No. 49944.

Supreme Court of Missouri,

Division No. 2.

March 9, 1964.

Motion for Rehearing or to Transfer
to Court En Banc Denied
April 13, 1964.

W. A. Brookshire, appellant pro se.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

On January 8, 1962, this court affirmed the judgment whereby, after trial by jury, appellant was sentenced to imprisonment for a term of three years for manslaughter. State v. Brookshire, Mo., 353 S.W.2d 681. On July 13, 1962, appellant filed in the Circuit Court of Cole County a motion pursuant to Supreme Court Rule 27.26, V.A.M.R., to vacate that sentence and judgment, and he has now appealed from the judgment of that court overruling his motion.

The hearing on this appeal was set for January 16, 1964, but on January 15 appellant filed in this court what he termed "Appellant's Motion to Remand or in the Alternative to Permit an Amendment and to Permit a Hearing on Appellant's Motion." In this document appellant made certain allegations, somewhat unrelated to the merits of the pending appeal, pertaining to an "amended jurisdictional statement" prepared by him for use in an appeal to the United States Supreme Court. He also asserted that the trial judge had disqualified himself in all cases in which appellant was a party and had no "jurisdiction" to rule on the motion filed pursuant to Rule 27.26, and for that reason "this court does not have jurisdiction" of this appeal. He asserted that "the proper order for this court to make would be to remand [this cause] to the Cole County Circuit Court." However, he then states that "time is of the essence," and for that reason he prays that this court "make an order permitting the appellant to amend his motion by the amended jurisdictional statement prepared for the Supreme Court of the United States, and to extend the time for appellant to prepare and file a brief." On January 16, this appeal was submitted to this court on the brief filed by the State of Missouri, and

appellant was granted leave to file a brief within thirty days, which he has done.

■ The file in this case contains no order of disqualification of the trial judge, and there is no petition for disqualification. See Civil Rule 51.03, V.A.M.R. In any event, appellant waives any challenge to the qualification of the trial judge by his request that this court rule on this appeal.

No facts are set forth why the "amended jurisdictional statement" is material to any issue presented by the motion, and as an appellate court we take the record as ruled on by the trial court. In addition, the disposition of this appeal, for the reasons subsequently set forth, makes any issue in respect to this proposed amendment of no merit.

■ On February 5, 1964, the Attorney General filed in this court a motion to dismiss this appeal on the ground that the cause is moot. Attached to the motion is a certified copy of an order of unconditional commutation executed by the Lieutenant Governor of Missouri, the then acting governor, dated October 22, 1963, wherein the above referred to sentence of three years was commuted "to a term ending November 29, 1963." A copy of this motion was sent to appellant, and he has filed a lengthy and argumentative motion to strike the motion of the Attorney General. Appellant's motion consists primarily of an attack on the motives of those who brought about the commutation of the three year sentence and a rambling narrative of his difficulties with prison officials during confinement.

This court has held that "for the purpose of considering the moot character of a question before us" it has the "power to notice facts outside the record." State ex rel. Donnell v. Searcy, 347 Mo. 1052, 152 S.W. 2d 8, 10; State ex rel. Myers v. Shinnick, Mo., 19 S.W.2d 676. There can be no question but that appellant has been unconditionally discharged from the above referred to three year sentence. He admits this in his motion to strike. He is not now and has not since November 29, 1963, been "in custody under [that] sentence."

Supreme Court Rule 27.26, V.A.M.R., in its parts material to this case, is as follows:

"A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct the same. * * *"

It thus appears that the relief authorized by the rule is limited to a "prisoner in custody under sentence" who (1) claims a right to be *released* from the custody imposed by reason of that sentence, or (2) who claims to have a right to have the sentence *reduced* on the ground that "such sentence was in excess of the maximum sentence authorized by law." Appellant's attack is against the sentence in its entirety, and his claim is that he is entitled to *release* from custody imposed by reason of the three year sentence. However, he has been unconditionally released therefrom, and for that reason he has already received all of the relief afforded him by reason of Rule 27.26.

We have found no previous case of this court expressly ruling the issue of whether an appeal, under the factual situation of this case, is moot, and if so what disposition of a pending appeal should be made. However, it has been stated that Supreme Court Rule 27.26 is in substance the same as 28 U.S.C.A. § 2255 relating to judgments of federal courts, State v. Thompson, Mo., 324 S.W.2d 133, and the uniform rule in the federal courts is that the remedy afforded by the federal statute is available

"only by an accused who is in custody under a sentence of the court." 24 C.J.S. Criminal Law § 1606(6), p. 687; Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963; Black v. United States, 9 Cir., 269 F.2d 38, certiorari denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357. Also, if while an appeal is pending from the judgment of the trial court denying relief under a motion filed pursuant to 28 U.S.C.A. § 2255, the prisoner is unconditionally released from custody under the sentence which is the subject of the motion, the appeal is moot and should be dismissed. Williams v. United States, 9 Cir., 261 F.2d 224, certiorari denied, 358 U.S. 942, 79 S.Ct. 349, 3 L.Ed.2d 349; United States v. Brilliant, 2 Cir., 274 F.2d 618, certiorari denied, 363 U.S. 806, 80 S.Ct. 1242, 4 L.Ed.2d 1149 (citing Weber v. Squier, 9 Cir., 124 F.2d 618; 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209); and Jamison v. United States, 6 Cir., 279 F.2d 892. (In this latter case the judgment of the trial court was affirmed because the appeal was moot instead of dismissing the appeal).

In view of the fact that appellant is not, and has not since November 29, 1963, been in custody by reason of the judgment and sentence for three years imprisonment, all issues on this appeal from the judgment denying appellant's motion filed pursuant to Rule 27.26 are moot. We note, however, that this result does not necessarily follow when the appeal is from the judgment of conviction on its merits. See State v. Jacobson, 348 Mo. 258, 152 S.W.2d 1061, 138 A.L.R. 1154.

The appeal is dismissed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.