**Jack Lee NOBLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55938.**

Supreme Court of Missouri, Division No. 1.

Oct. 9, 1972.

William R. Dorsey, Clayton, for appellant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal (taken prior to January 1, 1972) from denial, without evidentiary hearing, of motion under Rule 27.26 V.A.M.R., to vacate and set aside three judgments of conviction of robbery, first degree, by means of a dangerous and deadly weapon.

Appellant's motion and his statement of facts show: Jack Lee Noble was arraigned in the Circuit Court of the City of St.

Louis, February 23, 1951, on three charges of robbery, first degree, by means of a dangerous and deadly weapon, Causes 29, 30, and 31. He entered a plea of not guilty to all three charges. In April, 1951, he was convicted by a jury in Cause 29. In May, 1951, he appeared, with counsel, and, by leave of court, "withdrew his request to file a motion for a new trial, and requested that he be sentenced in accordance with the verdict of the jury * * *." The court then granted allocution and sentenced Jack Lee Noble to 10 years' imprisonment in Cause 29. On the same date, Jack Lee Noble, with counsel, withdrew his former plea of guilty in Causes 30 and 31 and pleaded guilty to those two charges of robbery, first degree. The court then granted allocution and sentenced Jack Lee Noble to 5 years' imprisonment in Cause 30 to run consecutively with the sentence in Cause 29, and to 5 years' imprisonment in Cause 31 to run concurrently with the sentences in Causes 29 and 30.

Jack Lee Noble was received in the Department of Corrections May 9, 1951, to serve a total of 15 years' imprisonment on the foregoing convictions. He completed these sentences "by way of commutation of sentence by Governor Blair on January 1, 1961, at which time he began serving a life sentence from Cole County for murder first degree."

This motion was filed February 3, 1970, "under Supreme Court Rule 27.26, to vacate the judgments and sentences imposed in Cause No. 29, 30, 31 * * *." Mr. William · R. Dorsey was appointed by the circuit court to represent movant on his motion. A pretrial conference was set for April 10, 1970, to determine whether an evidentiary hearing was necessary and whether the motion was in final form. The hearing was attended by counsel for movant and the State of Missouri. Counsel for movant announced that he had conferred with his client and that there was no intention to amend the motion. Two

questions were isolated: whether, since movant had served the sentences attacked, he had standing to pursue his motion under Rule 27.26; and whether, having withdrawn his motion for new trial and abandoned appeal in Cause 29, he was prevented from pursuing his motion. Both parties were granted leave to brief the preliminary questions, and it was agreed that no evidentiary hearing would be set without first determining these questions.

Movant submitted his brief after which the State moved the court to dismiss subject motion on the ground movant was not "a prisoner in custody under sentence claiming a right to be released upon the ground that such sentences referred to in the motion are in anyway defective."

On July 6, 1970, the court dismissed movant's motion filed under Rule 27.26 for the reason set out in the State's motion to dismiss.

Appellant's sole point is that "Movant is entitled to an evidentiary hearing on his motion to vacate judgments, even though he is not in custody under those charges, but is confined in the Penitentiary at the time of filing his motions on another charge."

The difficulty in appellant's position is that the trial court committed no error in dismissing his motion to vacate sentence and judgment under Rule 27.26 because he was not in custody under the sentences he claims to be invalid.

 Rule 27.26, V.A.M.R., in pertinent part, provides: "A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction * * *, or that such sentence was in excess of the maximum * * * or is otherwise subject to collateral attack, may file a motion * * * to vacate, set aside or

correct the same * * *." The relief authorized by the rule is limited to a prisoner in custody under sentence who claims a right to be released from the custody imposed by reason of that sentence. Appellant's attack is aimed at the three sentences for armed robbery and his claim is that he is entitled to release from custody imposed by reason of those three sentences. However, he has been unconditionally released from those sentences, and for that reason he is not entitled to relief under Rule 27.-26. State v. Brookshire, Mo., 377 S.W.2d 291, 292[2]; State v. Stodulski, Mo., 298 S.W.2d 420, 422[2], [3]. See also Lalla v. State, Mo., 463 S.W.2d 797, 801[2]; Zigler v. State, Mo., 467 S.W.2d 873, 875[2]; and c. f. State v. Carter, Mo., 399 S.W.2d 74, 76[1, 2].

Appellant's presentation concedes that he is not in custody on the sentences attacked but argues that, even so, he is entitled to seek relief under Rule 27.26 because he is confined under another sentence. His authorities do not support his argument. State v. Brookshire, supra, supports the trial court's ruling and this opinion; State v. Gray, Mo., 406 S.W.2d 580, involved an attack by a parolee upon the sentence from which he was on parole and was therefore subject to continued custody; and United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, would go to the merits of movant's ground for relief and does not deal with the right to invoke Rule 27.26.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court without prejudice to further proceedings by way of application for writ of error coram nobis with respect to within sentences from which movant has already been released.

All concur.