**Donald G. SCROGGINS, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 9420.**

Missouri Court of Appeals, Springfield District.

Sept. 11, 1973.

David Donnelly, Lebanon, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, Herbert D. Robards, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

This is an appeal from the judgment of the Circuit Court of Laclede County denying appellant's motion to vacate his five-year sentence for first degree robbery under Rule 27.26, V.A.M.R. We affirm.

The trial court conducted an extensive evidentiary hearing and ruled adversely to appellant's contention that his 1971 plea of guilty was involuntary because of his lack of mental capacity (due to mental defect) and because it was induced by threats, force and coercion.

The lower court made detailed findings of fact and conclusions of law [Rule 27.-26(i)] and determined that appellant's "history and actions before, during and after the Court accepted Movant's plea of guilty of robbery in the first degree do not sustain Movant's motion."

We have reviewed and carefully examined the transcript of the evidentiary hear-

ing, including a transcript of the record of the appellant's plea of guilty, and have concluded that the finding, conclusions and judgment of the trial court are not clearly erroneous. Skaggs v. State, 476 S.W.2d 524 (Mo.1972); Jones v. State, 471 S.W.2d 223 (Mo.1971). Also see Pulliam v. State, 480 S.W.2d 896 (Mo.1972). No error of law appears and a more detailed opinion would have no precedential value.

We affirm the judgment under Rule 84.-16, V.A.M.R.

## ADDENDUM

During the oral argument of the appeal the appellant's attorney advised us that his court-appointed client was no longer in custody of Missouri authorities and had been released to Illinois prison officials for alleged parole violation. Since submission of the case and the preparation of the foregoing memorandum opinion the Attorney General of Missouri has filed with our Clerk official documents attesting to an Executive commutation of appellant's sentence to a term ending June 22, 1973.

■ By reason of appellant's sentence having been commuted and his unconditional release from custody under the sentence sought to be vacated, relief under Rule 27.26 is not available. Rule 27.-26(b)(1), V.A.M.R. Recognizing this appellant's counsel suggested we consider this motion as one in the nature of a writ of error coram nobis. For the reasons set forth in Howard v. State, 493 S.W.2d 14 (Mo.App.1973), we decline the suggestion. However, rather than dispose of this appeal by the route of dismissal on the ground that the issues are moot [Noble v. State, 485 S.W.2d 33 (Mo.1972); State v. Brookshire, 377 S.W.2d 291 (Mo.1964)] we have concluded that we should, in this particular instance, rule appellant's appeal on the merits and have accordingly done so.

TITUS, C. J., and STONE and HOGAN, JJ., concur.