**Albert Smith JACKSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 36965.**

Missouri Court of Appeals, St. Louis District, Division One.

Aug. 17, 1976.

Scott Richardson, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

Albert Smith Jackson, movant-appellant, appeals from an order of the circuit court of the City of St. Louis denying his motion for post-conviction relief. We affirm.

In May of 1965, movant entered pleas of guilty to two (2) charges of possession of

narcotics and one (1) charge of operating a motor vehicle without the owner's consent. Sentencing was deferred until September of that year. On September 14, 1965, he plead guilty to two additional felony charges involving drug possession and was sentenced on each of the five charges to a term of three (3) years with the sentences to run concurrently. After completing these sentences, movant was arrested for assault with intent to kill with malice aforethought. He was convicted in a jury trial. The state pleaded and proved the prior convictions and the court sentenced movant to a term of twenty-three (23) years imprisonment. On appeal, the conviction was affirmed. Movant then filed a motion pursuant to Rule 27.26, which was denied. The denial was affirmed in *Jackson v. State,* 465 S.W.2d 642 (Mo.1971).

Movant initiated the present action as another motion under Rule 27.26, claiming that the twenty-three (23) year sentence imposed by the trial judge violated his constitutional rights. The basis for this claim was an assertion that the five prior convictions were induced and coerced by promises from movant's former attorney, the circuit attorney and the trial judge. Movant alleged that just prior to the pleas and sentencing of September 14, 1965, he was promised placement in a drug treatment program. He argued that since the original pleas had been induced and coerced, they should not be the basis for sentencing him under the second offender act. The circuit court held an evidentiary hearing on the motion at which movant and his former attorney testified. The state moved to dismiss the motion, arguing that a motion under Rule 27.26 was not the proper way to challenge these past judgments. The circuit court exercised its discretion, choosing to overrule the state's motion and to treat movant's motion as an application for a writ of error coram nobis. The court then denied the motion, finding that movant had failed to prove his allegations.

On this appeal movant raises two issues: that the trial court's finding that movant was not deprived or coerced into entering any of his pleas of guilty by an unfulfilled promise to allow him to enter a drug program, and that movant entered each of his pleas voluntarily and understood the nature of each charge against him is clearly erroneous; and that the court erred in overruling appellant's assertion of the attorney-client privilege and in ordering Mr. Fred Switzer to testify to privileged communications.

At the outset we note that the circuit court was correct in construing movant's motion as an application for writ of error coram nobis as this is the appropriate remedy for attacking a sentence already served when the movant can demonstrate that he is suffering from present adverse legal circumstances as a result of the judgment and sentence. *Laster v. State,* 461 S.W.2d 839, 840 (Mo.1971) and *Deckard v. State,* 492 S.W.2d 400, 402 (Mo.App.1973). A writ of error coram nobis is a civil action, *Peterson v. State,* 476 S.W.2d 608, 611 (Mo. 1972), which lies from some unknown fact, going to the right of the court to proceed, which entirely defeats the power of the court to attain a valid result in the proceeding, *State v. Campbell,* 307 S.W.2d 486, 489 (Mo.1957), and which fact was, at the time of trial, unknown to the party seeking relief, and to the court. *Howard v. State,* 493 S.W.2d 14, 19 (Mo.App.1973). The right to relief under a writ of coram nobis is not absolute. Nor is the writ allowed as of course or as a matter of right. *Blodgett v. State,* 245 S.W.2d 839, 843 (Mo.1952). The burden of proof is on the movant to prove his case by a preponderance of the evidence. *State v. Davis,* 438 S.W.2d 232, 234 (Mo. 1969) and *Howard v. State,* 493 S.W.2d 14, 19 (Mo.App.1973). Because this is a court-tried matter, our appellate review is as in suits of an equitable nature as found in Rule 73.01. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.Banc 1976), construed Rule 73.01 "to mean that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence,

. . . ." Cautioning us that a reversal of a decree or judgment on the ground that it is against the weight of the evidence be done only when there was a firm belief that the decree or judgment was wrong.

In its conclusions of law the circuit court noted that there had been a period of nine or ten years which passed between the sentencing and this current complaint by the movant. The court stated that this delay in bringing the complaint to the attention of the court might be enough, alone, to justify a denial of a hearing on the motion. The circumstances which movant complains of have not, in the past, been held in this state to justify relief by way of a writ of error coram nobis. Because the writ lies to correct only errors of fact, which if they had been before the court, would have prevented the adjudication, it has been held not to lie in a criminal case where the applicant knew of the fact complained of at or before the time of trial. Therefore, it does not lie to set aside a conviction on a plea of guilty procured by coercion and duress as this fact was known at the time of the plea and should have been brought to the attention of the trial court or another court at that time. *Dusenberg v. Rudolph,* 325 Mo. 881, 30 S.W.2d 94 (Banc 1930); *State ex rel. Orr v. Latshaw,* 291 Mo. 592, 237 S.W. 770, 772 (Banc 1922) and *Griggs v. Venerable Sister Mary Help of Christians,* 238 S.W.2d 8, 15 (Mo.App. 1951). Because it does not vary the result of our decision, we now consider movant's points on appeal.

In his first point of error, movant argues that the findings of fact by the trial court were clearly erroneous. Movant contends that the evidence presented on his behalf satisfied the burden of proof which he carried and warranted a granting of relief. Movant recognizes that the trial court was not required to believe his testimony, *State v. Hurtt,* 509 S.W.2d 14, 16 (Mo.1974); but contends that his evidence was largely unrefuted. Movant's testimony was that on September 14, 1965, he and his attorney, Fred Switzer III, met with Judge James Nangle in chambers and that he was promised to be placed in a federal drug program in Lexington, Kentucky, in return for his pleas of guilty. Respondent called Mr. Switzer who testified that although he had some difficulty in remembering the details of the case, he did not remember either the circuit attorney or Judge Nangle making any such representation to the movant. He did recall making out an application with movant for a federal program in Fort Worth, Texas on the day after the sentencing. We find that there was substantial evidence to support the trial court's finding of fact that movant failed to establish that unfulfilled promises induced and coerced his pleas of guilty. We also note that the meeting which movant claims culminated in a deal was stated by him to have taken place in September of 1965, almost four months after he entered his pleas of guilty on three of the five felonies. We find it difficult to imagine how any offer made in September could have affected the voluntariness of the pleas entered on May 26, 1965.

Movant's second issue on appeal is that the court erred in overruling his assertion of the attorney-client privilege and in ordering Mr. Switzer to testify to privileged communications. We find no merit in this contention. The communications which movant sought to keep Mr. Switzer from testifying to were alleged, by movant, to have been made in the presence of a third party, Judge Nangle, and therefore, there could have been no expectation of private, privileged communication. *Bashor v. Turpin,* 506 S.W.2d 412, 421–22 (Mo. 1974) and *Wahl v. Cunningham,* 320 Mo. 57, 6 S.W.2d 576, 586 (Banc 1928). We also base our conclusion on this issue on the ground put forth by the trial court; that is, movant waived the attorney-client privilege (if it existed) by raising the issue of ineffective assistance of counsel. *Hand v. State,* 447 S.W.2d 529, 531 (Mo.1969) and *Veneri v. State,* 474 S.W.2d 833, 840 (Mo.1971).

In summary, we find that the trial court's judgment neither lacked substantial evidence to support it nor was it against the

weight of the evidence. Nor do we have a firm belief that the judgment was wrong.

Accordingly, judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.