Melvin GRANT, Movant-Appellant,

v.

STATE of Missouri, Respondent.

Nos. 38071, 38141.

Missouri Court of Appeals,
St. Louis District,
Special Division.

Jan. 31, 1978.

Graham W. LaBeaume, Huck, Kasten & LaBeaume, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, Asst. Circuit Atty., St. Louis, for respondent.

JAMES RUDDY, Special Judge.

On June 25, 1969, movant (hereinafter referred to as defendant) was convicted by a jury of Robbery in the First Degree By Means Of A Dangerous And Deadly Weapon, in Cause No. 274–R. On August 12, 1969, defendant pled guilty to a charge of Robbery in the First Degree By Means Of A Dangerous and Deadly Weapon, in Cause No. 275–R. On that date, August 12, 1969, the court sentenced movant to imprisonment for ten (10) years, the sentences in the two causes to run concurrently.

On March 4, 1974, defendant filed a Motion to Vacate Judgment and Sentence pursuant to Missouri Supreme Court Rule 27.-26. On December 19, 1975, defendant filed an Amended Motion to Vacate Sentence, specifically alleging among other things that he was denied and deprived of effec-

tive assistance of counsel in that his court appointed attorney failed to interview any of the State's witnesses, and that the guilty plea was involuntary and a result of coercion.

On November 16, 1974, the sentence attacked by defendant, was commuted by the Governor of Missouri. On December 31, 1975, the State of Missouri filed a Motion to Dismiss Defendant's Motion to Vacate and Correct Sentence on the ground that the defendant's release from custody rendered his motion moot. The State also moved to dismiss the motion on the ground that defendant was not entitled to relief based on examination of the records in the two causes. While a prehearing conference was held on February 6, 1976, no official hearing was ever held.

On April 6, 1976, the trial court entered an "Opinion" and a "Memorandum for Clerk" denying relief as to Cause No. 274–R and granting relief as to Cause No. 275–R. This is a consolidated action in which defendant appeals the denial of relief in Cause No. 274–R and the State of Missouri appeals the granting of relief as to Cause No. 275–R.

In the appeal of Cause No. 274–R, defendant contends that it was error for the court to deny him an evidentiary hearing in that he alleged ineffective assistance of counsel in failing to interview the State's witnesses prior to trial. Defendant further alleges that this claim is not refuted by the record.

The requirements necessary for a movant to qualify for an evidentiary hearing on a 27.26 motion are set out in *Haliburton v. State*, 546 S.W.2d 771, 773 (Mo.App.1977):

"1) His motion must allege facts, as opposed to conclusions, warranting relief. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974); *Hogshooter v. State*, 514 S.W.2d 109 (Mo.App.1974); *Arnold v. State*, 545 S.W.2d 683 (Mo.App.1976).

"2) Those facts must raise matters not refuted by the files and records in the case. Rule 27.26(e); *Smith v. State*, supra; *Hogshooter*, supra; *Arnold v. State*,

supra; *Morris v. State*, 547 S.W.2d 827 (Mo.App.1976).

"3) The matters complained of must have resulted in prejudice to the defendant, *Smith v. State*, supra."

Defendant's complaint of counsel's failure to interview any of State's witnesses prior to trial fails to comply with these requirements.

Defendant's complaint that his counsel had not interviewed the State's witnesses fails to disclose who these witnesses were and how these interviews would have been of any benefit to defendant. Thus the allegations are entirely conclusive in nature and do not comply with rule laid down in *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974) and *Hogshooter v. State*, 514 S.W.2d 109 (Mo.App.1974).

The ultimate test in determining the adequacy of legal representation is whether the efforts and conduct of counsel so prejudiced movant that he was denied a fair trial. *Hall v. State*, 496 S.W.2d 300, 303[3] (Mo. App.1973); *Fritz v. State*, 524 S.W.2d 197, 199[1] (Mo.App.1975). Defendant must show that a more complete investigation by counsel would have uncovered substantial evidence. *State v. Arnold*, 545 S.W.2d 682, 683 (Mo.App.1976).

Further evidence that defendant received adequate representation is found in the trial judge's opinion denying the Motion to Vacate in Cause No. 274–R:

"If there was any obligation on Movant's counsel in that cause to interview the State's witnesses or contact Movant's alibi witnesses before the day of trial, the transcript shows that there were about seventeen pages of cross-examination of the State's witnesses and that six alibi witnesses were called to the stand and testified. In view of that, those allegations of incompetence could have no merit."

It is clear that defendant's claims of ineffective assistance of counsel are refuted by the record of the trial. In addition defendant also failed to meet his burden of showing by his pleadings that he was so prejudiced by counsel's failure to investigate that he was denied a fair trial. *Sherrill v. State*, 515 S.W.2d 611, 613 (Mo.App.1974).

Thus under the applicable legal standards, the trial court properly declined to hold an evidentiary hearing on defendant's motion.

■ In Cause No. 275–R, the State of Missouri appeals the granting of relief to defendant. Specifically the State alleges that the judgment of the trial court granting defendant's Motion to Vacate Judgment and Sentence under Rule 27.26 is clearly erroneous, because the defendant had been released from custody under the sentence sought to be vacated prior to entry of the order granting relief.

Under Rule 27.26 "A prisoner in custody under sentence and claiming a right to set aside the sentence and claiming a right to be released . . . may file a Motion to Vacate or Set Aside the Sentence." Here the movant is not in custody but had been released from custody as a result of a commutation of sentence by the governor. Relief under Rule 27.26 was not available to movant. *State v. Brookshire*, 377 S.W.2d 291 (Mo.1964); *Bibbs v. State*, 476 S.W.2d 590 (Mo.1972); *Scroggins v. State*, 499 S.W.2d 818 (Mo.App.1973); *Howard v. State*, 512 S.W.2d 206 (Mo.App.1974). Defendant's attack is against the sentence in its entirety, and his claim is that he is entitled to release from custody. However, he has been unconditionally released therefrom, and for that reason he has already received all of the relief which could be afforded him under Rule 27.26.

■ We do not believe that movant's motion should be considered as an application for a Writ of Coram Nobis. Neither the trial court nor the movant treated the motion as an application for a Writ of Coram Nobis. This writ is an extraordinary remedy and has limited application. *State v. Harrison*, 276 S.W.2d 222 (Mo.1955). The court in *Jackson v. State*, 540 S.W.2d 607, 609 (Mo.App.1976) sets forth the various cases which laid down the guidelines where the writ of coram nobis applies. The court in *Jackson* at p. 609 stated:

"A writ of error coram nobis is a civil action, *Peterson v. State*, 476 S.W.2d 608, 611 (Mo.1972), which lies from some unknown fact, going to the right of the court to proceed, which entirely defeats the power of the court to attain a valid result in the proceeding, *State v. Campbell*, 307 S.W.2d 486, 489 (Mo.1957), and which fact was, at the time of trial, unknown to the party seeking relief, and to the court. *Howard v. State*, 493 S.W.2d 14, 19 (Mo.App.1973). The right to relief under a writ of coram nobis is not absolute. Nor is the writ allowed as of course or as a matter of right. *Blodgett v. State*, 245 S.W.2d 839, 843 (Mo.1952). The burden of proof is on the movant to prove his case by a preponderance of the evidence. *State v. Davis*, 438 S.W.2d 232, 234 (Mo.1969) and *Howard v. State*, 493 S.W.2d 14, 19 (Mo.App.1973)."

The movant failed to show "some unknown fact, going to the right of the court to proceed, which entirely defeats the power of the court to attain a valid result in the proceeding", *State v. Campbell*, 307 S.W.2d 486, 489 (Mo.1957). Nor was there any showing of any facts at the time of the plea unknown to movant. *Howard v. State*, 493 S.W.2d 14, 19 (Mo.App.1973).

The judgment is affirmed in Cause No. 274–R. The judgment in Cause No. 275–R, vacating the plea of guilty is reversed and the judgment is reinstated.

CLEMENS, P. J., DOWD and SMITH, JJ., and WILLIAM CORRIGAN, Special Judge, concur.