**William L. STAVRICOS, Jr., Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11689.**

Missouri Court of Appeals, Southern District, Division One.

Feb. 24, 1981.

Michael Baker, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

In January of 1973, movant William L. Stavricos, Jr. entered pleas of guilty in the Circuit Court of Greene County, Missouri, to charges of burglary, stealing, and possession of burglary tools. He was sentenced to a total of twelve years' imprisonment for those crimes.

In 1976, Stavricos was paroled on the charges in question. Thereafter, as stated by movant, "I was out a year and a half on parole and then I got busted in Louisiana." He was charged with burglary in Louisiana, and received a three year sentence there, which he served. His Missouri parole was revoked, by reason of the Louisiana conviction, and he was returned to Missouri to serve the balance of the sentences totaling twelve years.

On January 15, 1979, Stavricos filed a motion to vacate the Greene County sentences. The motion alleged ineffective assistance of counsel, unconstitutionality of the burglary tools statute, failure of the state to carry out a plea bargaining agreement, and double jeopardy allegations based on the theory that possession of burglary tools is a lesser included offense to the crime of burglary. A hearing of the motion was held in the trial court, after which the trial judge denied the motion. This appeal followed.

The supplemental legal file in this case discloses that Stavricos received unconditional commutations of the burglary and stealing sentences on December 14, 1979, and of the possession of burglary tools sentence on February 13, 1981. He is no longer in custody by virtue of those sentences. This being so, all questions presented on this appeal are moot. Relief under Rule 27.26, V.A.M.R. is not available to movant. *State v. Brookshire*, 377 S.W.2d 291, 293 (Mo.1964); *Grant v. State*, 561 S.W.2d 739, 741 (Mo.App.1978).

We decline to consider, ex gratia, defendant's motion to vacate sentence as an application for a writ of error coram nobis, as such review is not justified under the facts of this case.

The appeal is dismissed.

All concur.