**Donald J. BRAUCH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 52864.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1988.

Donald J. Brauch, pro se.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Movant–Appellant appears before this court pro-se in an effort to obtain a remand to the Circuit Court of Lincoln County with directions that the court conduct an evidentiary hearing on movant's motion requesting post-conviction relief under Rule 27.26. He contends,

THE TRIAL COURT ERRED WHEN SUMMARILY DISMISSING APPELLANT'S THIRD RULE 27.26 MOTION ALLEGING HE WAS DENIED HIS RIGHT TO APPEAL FROM THE SUMMARY DISMISSAL OF HIS FIRST 27.-26 MOTION BECAUSE COUNSEL FAILED TO PERFECT AN APPEAL ALTHOUGH REQUESTED BY APPELLANT TO DO SO.

The factual setting for this appeal may be found in an opinion of the Supreme Court, *Brauch v. State*, 653 S.W.2d 380 (Mo. banc 1983).

We do not reach the merits of movant's claim of error. Rule 27.26 is an available remedy for "a prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this state or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the minimum sentence authorized by law or is otherwise subject to collateral attack...." Rule 27.26(b)(1) provides "[t]he provisions of this Rule may be invoked only by one in custody claiming the right to have a sentence vacated, set aside or corrected."

The records in this court indicate that movant has been released from custody and is no longer a prisoner. For this reason he is no longer eligible for relief under Rule 27.26 and the issues in this civil proceeding are moot. Even if movant filed the motion for post-conviction relief while in custody he is no longer in custody and a remand to the Circuit Court would result in a determination that the circuit court no longer has jurisdiction to determine the motion under the Rule. *Bibbs v. State*, 476 S.W.2d 590, 591 (Mo.1972); *Howard v. State*, 493 S.W.2d 14, 20 (Mo.App.1973). Further, in the event of remand, movant would be required to prove that he was eligible for relief as a prisoner, in custody, under sentence and claiming a right to be released. According to the records provided by movant to this court he now resides at an address in the City of St. Louis. Motions and other materials furnished to the court reflect the change of address and status. We find this to be, indirectly, notice to this court, in writing, of an event which occurred subsequent to the filing of the notice of appeal which affects the pending appeal. See, Local Rule 13.01, Missouri Court of Appeals Eastern District. There is no factual or legal reason to assume that movant remains eligible for Rule 27.26 relief as a parolee. *See, Nicholson v. State*, 524 S.W.2d 106, 109 (Mo. banc 1975); *State v. Gray*, 406 S.W.2d 580 (Mo.1966); *Dixon v. State*, 594 S.W.2d 360, 361 (Mo.App. 1980).

Because the issues are moot the appeal is dismissed.

SMITH and KELLY, JJ., concur.