**Larry THRIFT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15391.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 22, 1988.

Timothy Alan Wynes, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Appellant was sentenced on November 10, 1982 for first degree burglary and sought relief under Rule 27.26 which was in effect when his motion was filed.[1] The motion was heard September 8, 1987. Ap-

---

1. Rule 27.26, which contained a requirement that a movant be "in custody" under the sentence from which relief was sought, has been repealed effective January 1, 1988, and supplanted by new postconviction provisions. Rules 24.035(1) and 29.15(m) now provide, however, that where sentence was pronounced and a Rule 27.26 motion filed before January 1, 1988, all proceedings on that motion would continue to be governed by the former rule.

pellant presented no evidence and judgment was entered against him for failure to sustain his burden of proof.

Under his continuing obligation to keep the court informed of all pertinent matters, appellant's counsel has apprised us of appellant's complete discharge from custody on December 18, 1986. Through documentation, counsel informed us that appellant had been discharged by the Missouri Board of Probation and Parole on that date. The issues raised in this appeal therefore, are no longer justiciable.

In *State v. Brookshire*, 377 S.W.2d 291 (Mo. banc 1964), the appellant had been unconditionally released from custody. The court found that he had already received all the relief which could be afforded him by reason of Rule 27.26. Since the appellant was not in custody by reason of the judgment and sentence from which he sought relief, all issues on the appeal from the judgment denying appellant's motion filed pursuant to Rule 27.26 were held moot. Id. at 293.

In *Stavricos v. State*, 612 S.W.2d 894 (Mo.App.1981), the movant received unconditional commutations of his sentences while his appeal was pending. Therefore, he was no longer in custody by virtue of those sentences. This being so, all questions presented on his appeal were moot. Id. at 895. Where movant has been released from custody and is no longer a prisoner, he is no longer eligible for relief under Rule 27.26 and the issues are moot. *Brauch v. State*, 745 S.W.2d 828 (Mo.App. 1988).

Since appellant in the instant case is no longer eligible for relief under Rule 27.26, all issues on this appeal are moot. Accordingly, the appeal is dismissed.

All concur.