Charles E. TAYLOR, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 15422.

Missouri Court of Appeals,
Southern District,
Division Two.

May 4, 1988.

Terry E. Brummer, Director, Office of State Public Defender, Jefferson City, Melinda K. Pendergraph, Asst. Public Defender, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John Munson Morris III, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

On October 8, 1982, appellant pleaded guilty to the Class B felony of sodomy and was sentenced to five years in the Missouri Department of Corrections. The victim was his eight-year-old stepdaughter.

Appellant was paroled on April 9, 1984, but thereafter, and while still on parole, he was charged and found guilty of deviate sexual assault upon a fourteen-year-old girl and sentenced to seven years. Appellant was also again charged with sodomy committed against his stepdaughter. For this offense he was sentenced as a persistent offender to fifty years without eligibility for probation or parole.

On June 3, 1986, appellant filed a pro se motion under Rule 27.26.[1] That motion sought to vacate the sodomy charge to which defendant pleaded guilty in 1982. Since appellant was still serving the first sentence for sodomy, the trial court properly entertained the motion. An evidentiary hearing was denied and the motion overruled. Appellant now brings this appeal.

Appellant was discharged from the jurisdiction of the Missouri Department of Corrections and Human Resources on October 9, 1987, having completed the five years of his initial sentence. A hold was placed upon his discharge and he then began serving the seven-year term.

In *Noble v. State*, 485 S.W.2d 33 (Mo.1972), the trial court's dismissal of a motion under Rule 27.26 was upheld where the appellant sought to vacate sentences completed by way of commutation. Although Noble was then serving a life sentence for murder in the first degree, our Supreme Court found no error in the dismissal of the motion to vacate sentence and judgment under Rule 27.26 because Noble was not in custody under the sentence he claimed to be invalid. Where a prisoner is not in custody on the sentence attacked, he is not entitled to relief under Rule 27.26. Noble, supra at 34, 35.

Although appellant is still incarcerated, he is no longer in custody under the five-year sentence imposed for the first sodomy conviction. Rule 27.26 is limited to proceedings by persons still serving the sentence they seek to challenge. *State v. Quinn*, 594 S.W.2d 599, 603 (Mo. banc 1980). Where the appellant is no longer in custody by virtue of the sentences from which he seeks relief, all questions presented on appeal are moot. *Stavricos v. State*, 612 S.W.2d 894, 895 (Mo.App.1981).

Having completed his original five-year sentence, the issues raised in this appeal are no longer justiciable. Since Rule 27.26 no longer affords relief to appellant, all issues of this appeal are moot and the appeal is accordingly dismissed.

All concur.

---

1. Rule 27.26, which contained a requirement that a movant be "in custody" under the sentence from which relief was sought, has been repealed effective January 1, 1988, and supplanted by new post-conviction provisions. Rules 24.035(*l*) and 29.15(m) now provide, however, that where sentence was pronounced and a Rule 27.26 motion filed before January 1, 1988, all proceedings on that motion would continue to be governed by the former rule.